**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CV-21060-RAR**

**BRUCE ZIPPER**,

    Plaintiff,

v.

**SECURITIES AND EXCHANGE COMMISSION**,

    Defendant.

_____/

**ORDER OF DISMISSAL**

**THIS CAUSE** comes before the Court upon an initial screening pursuant to 28 U.S.C. § 1915. On March 19, 2024, Plaintiff Bruce Zipper, acting *pro se*, filed his Complaint, [ECF No. 1]. Plaintiff's Complaint seeks a Writ of Mandamus from the Court ordering the Securities and Exchange Commission ("SEC") to render a decision on Plaintiff's appeal of Financial Industry Regulatory Authority ("FINRA") sanctions entered several years ago against Plaintiff and his securities firm. *See* Compl. at 8. But upon initial screening, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** *without prejudice* to Plaintiff refiling his Complaint in the proper United States Court of Appeals, as explained herein.

**ANALYSIS**

"[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action." *Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) (quoting *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992)); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Here, Plaintiff's Complaint must be dismissed because the Court lacks subject-matter

jurisdiction. Plaintiff is "seeking the Court to grant this Writ of Mandamus and force the [SEC] to render a decision in [Plaintiff's] appeal with the exchange to overturn FINRA Sanctions of disbarring Mr. Zipper and his firm, Dakota Securities International, from securities industry." Compl. at 8. Plaintiff further claims that his case has been pending for over 6 years without the SEC making a determination on his appeal. *Id.* But mandamus actions like this one—which seek relief on the basis of unreasonable federal agency delay—are committed to the exclusive jurisdiction of the United States Courts of Appeal. Accordingly, the Court lacks subject-matter jurisdiction over this action, and it must be dismissed.

"The FINRA Code of Procedure sets forth a multi-layered hearing and appeals process that governs disciplinary actions against FINRA-affiliated brokers and dealers." *Turbeville v. Fin. Indus. Regul. Auth.*, 874 F.3d 1268, 1271 (11th Cir. 2017). "Once FINRA formally charges a broker with a violation by filing a complaint, a FINRA hearing panel conducts a full hearing to determine whether the individual violated FINRA regulations, and, if so, imposes sanctions." *Id.* (citing FINRA Rule 9200 setting forth FINRA's disciplinary procedures). "The individual may then appeal the hearing panel's finding and punishment to FINRA's appeals board, the National Adjudicatory Council ("NAC")." *Id.* (citing FINRA Rule 9311(a)). "After that, a broker may, as of right, seek *de novo* review of the NAC's decisions in the SEC." *Id.* (citing 15 U.S.C. § 78s(d)(2)). "Finally, the broker may appeal the SEC's decision to a federal court of appeals— again, as of right." *Id.* (citing 15 U.S.C. § 78y(a)(1)).

Turning to 15 U.S.C § 78y(a)(1)—the specific statutory provision at issue—the statute's text makes clear that appeals of SEC decisions like this one are committed to the jurisdiction of the Courts of Appeal: "A person aggrieved by a final order of the Commission entered pursuant to this chapter may obtain review of the order in the United States Court of Appeals for the circuit in which he resides or has his principal place of business, or for the District of Columbia Circuit,

by filing in such court, within sixty days after the entry of the order, a written petition requesting that the order be modified or set aside in whole or in part." 15 U.S.C. § 78y(a)(1); *see, e.g.*, *Busacca v. S.E.C.*, 449 F. App'x 886, 889 (11th Cir. 2011). While § 78y(a)(1) ordinarily establishes circuit court jurisdiction over final agency orders only, the Eleventh Circuit's so-called *Busey*[1] exception to this rule carves out a narrow exception establishing circuit court jurisdiction even when *no order* has been issued, in those circumstances where the absence of such an order "might affect the future adjudicative power of the circuit court." *Ass'n Of Citizens To Protect And Pres. The Env't Of The Oak Grove Cmty. v. F.A.A.*, 287 F. App'x 764, 766 (11th Cir. 2008) (quoting *Busey,* 999 F.2d at 1422).

Put differently, the *Busey* exception applies when an agency's failure to act results in a final order having yet to be issued, thereby indefinitely depriving the circuit courts of jurisdiction. *Ass'n Of Citizens*, 287 F. App'x at 766 (citing *Busey,* 999 F.2d at 1422). And as to whether that jurisdiction is vested exclusively in the circuit court or concurrently in both the district court and the circuit court, *Busey* further confirms that it is vested <u>exclusively</u> in the circuit court. *Busey*, 999 F.2d at 1421–23 (holding that, where a statute specifically vests the circuit courts with jurisdiction to review agency actions, judicial review of a federal agency's failure to issue a final order is vested exclusively in the circuit courts; finding the district court lacked subject-matter jurisdiction to render judgment on the propriety of mandamus in this context; and affirming district court's dismissal for lack of subject-matter jurisdiction).

Finally, as to whether dismissal without prejudice or transfer to the proper Court of Appeals is the more appropriate disposition, the Court finds that dismissal without prejudice is more appropriate here. In *Busey,* the Eleventh Circuit explained that "the appropriate procedure for a

---

[1] *Kabeller, Inc. v. Busey*, 999 F.2d 1417 (11th Cir. 1993).

district court to follow when it determines that it lacks jurisdiction is to transfer the case to a court with jurisdiction, rather than dismiss the case, providing such action is in the interest of justice." *Busey*, 999 F.2d at 1423 (cleaned up) (quoting *Federal Trade Comm'n v. Standard Oil Co.*, 449 U.S. 232, 246 (1980)).  To be clear, the delay alleged by Plaintiff here is extraordinary.  But given that the SEC's review of FINRA sanctions entered against Plaintiff and his securities firm still appears to be ongoing, disruption of such agency review by way of transfer will not serve the interests of justice.  *Id.* (finding agency delay in issuing final order was "not so unreasonable as to warrant mandamus" and explaining that "[g]iven that appellant's complaint is still under review, transfer is not in the interest of justice."); *see also Telecommunications Research and Action Center v. F.C.C.*, 750 F.2d 70, 80–81 (D.C. Cir. 1984) (finding agency delays of two and five years did not warrant mandamus).

## CONCLUSION

In sum, because exclusive jurisdiction over mandamus actions of this kind is vested in the circuit courts, this Court is left without subject-matter jurisdiction over Plaintiff's Complaint. Accordingly, this action must be dismissed *sua sponte*.  Plaintiff can seek mandamus relief directly in the appropriate United States Court of Appeal.  It is thus **ORDERED AND ADJUDGED** that Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice*.[2]  The Clerk is directed to **CLOSE** this case.  Any pending motions are **DENIED AS MOOT.**

**DONE AND ORDERED** in Miami, Florida, this 28th day of March, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[2] A dismissal for lack of subject-matter jurisdiction is "entered without prejudice." *Yeh Ho v. Sabocik*, 775 F. App'x 551, 555 (11th Cir. 2019) (citing *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).